UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF DENNING INCORPORATED, | )<br>)<br>) |
| Plaintiff, | ) Case No. 15-cv-11370<br>) |
| v. | ) Judge John W. Darrah<br>) |
| TITAN MECHANICAL, LLC; OPCON, INC.; and CONTINENTAL CASUALTY COMPANY, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 4, 2016, Plaintiff filed a Second Amended Complaint ("Complaint"), alleging two claims: (a) a breach of contract and (b) a claim on payment bond pursuant to 40 USC § 3133 ("The Miller Act"). Defendant Opcon, Inc. filed a Motion to Dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendant's Motion to Dismiss [15] is denied.

## BACKGROUND

Plaintiff, Denning Incorporated ("Denning"), is an Illinois corporation. (Sec. Am. Compl. ¶ 1.) Plaintiff is engaged in the business of providing heating, ventilation, and air conditioning ("HVAC") sheet ductwork. (*Id.*) Defendant Titan Mechanical, LLC ("Titan) is an Indiana limited-liability company with a principal place of business in Joliet, Illinois. (*Id.* ¶ 2.) Defendant Opcon, Inc. ("Opcon") is an Illinois corporation with its principal place of business in Carol Stream, Illinois. (*Id.* ¶ 3.) Defendant Continental Casualty Company ("Continental") is a corporation that is engaged in the business of commercial corporate suretyship. (*Id.* ¶ 4.)

Opcon was hired by the Department of Veterans Affairs (the "VA") to perform work referred to as the Cmop Interior Renovation Project at Building 37 of the VA Distribution Center (the "VA Project"). (*Id.* ¶ 8.) Opcon hired Titan as a subcontractor to perform heating, ventilation, and air conditioning ("HVAC") work at the VA Project. (*Id.* ¶ 9.) On January 5, 2014, Titan hired Denning to provide HVAC sheet metal ductwork on the project. (*Id.* ¶ 10.) Denning performed all work set forth in the agreement with Titan for the VA Project. (*Id.* ¶ 11.) Titan's original contract with Denning was valued at $307,150.00. (*Id.* ¶ 12.) After changes, the value of the contract increased to $320,820.00. (*Id.*) Denning claims it has performed under the contract and has been paid less than the total contract value. (*Id.* ¶ 13.) On May 12, 2015, Denning served a Notice of Default and Claim Under Contractor's Bond on Continental, seeking recovery for underpayment. (*Id.* ¶ 22.) Upon denial of recovery, Denning filed this lawsuit. (Sec. Am. Compl.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)

(quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56. Despite a presumption that all factual allegations are true, a presumption of truth will not apply to conclusory allegations. *Iqbal*, 556 U.S. 544, 555-56 (2009). However, a well-pleaded complaint may proceed even if recovery seems remote or unlikely. *Iqbal*, 556 U.S. at 555-56 (2009) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236).

## ANALYSIS

Defendant argues that Count II should be dismissed because Plaintiff did not give notice to the contractor within the 90-day period immediately after the sub-subcontractor's last date of work. Defendant argues that pleading that notice was given within 90 days without providing a specific last date of work is conclusory. Recovery under the Miller Act has three requirements: (1) the sub-subcontractor must give written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor, (2) the action must state with substantial accuracy the amount claimed, and (3) the name of the party to whom the labor was done or performed. 40 U.S.C. § 3133.

Plaintiff alleges that on May 12, 2015, it served a Notice of Default and Claim under Contractor's Bond on Continental Casualty. (Sec. Am. Compl. ¶ 22.) Plaintiff alleges that notice was served within 90 days from the date on which Plaintiff did or performed the last of the labor for which the claim was made. (*Id.* ¶ 23.) Plaintiff has not indicated when it performed its last work, merely that notice was provided within the 90-day statutory period. Defendant argues that, based on a series of email exchanges between Denning and Continental, the final day of work performed was December 2, 2014. (*See* Mot. to Dismiss Ex. B.)

3

To survive a Rule 12(b)(6) motion, a plaintiff must plead facts sufficient to state a claim for relief that is plausible on its face. *Twombly*, 550 US at 555. Defendant argues that the 90-day notice requirement is a strict condition precedent necessary for the case to proceed. *Am. Builders & Contractors Supply Co., Inc. v. Bradley Constr. Co.*, 960 F. Supp. 145 (N.D. Ill. 1997). To support its claim, Defendant attached four emails from Continental to Denning to its Motion that suggest Denning's last work was performed on December 2, 2014. However, when deciding on a Rule 12(b)(6) motion, only the "four corners of the complaint" may be considered. Fed. R. Civ. P. 12. Documents attached to a motion to dismiss will be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Adams v. City of Indianapolis*, 742 F. 3d 720, 729 (7th Cir. 2014) (citing *Menominee Indian Tribe of Wis. v. Thompson*, 161 F. 3d 449, 456 (7th Cir. 1998)). The documents in question are not central to Plaintiff's claim and are not mentioned in the Complaint. Both reference and centrality are required to allow consideration of documents attached to a motion to dismiss. Without both elements satisfied, additional documents cannot be considered for purposes of a Rule 12(b)(6) motion.

Plaintiff alleges that Denning completed work for the Defendants, valued at $320,820.00. (Sec. Am. Compl. ¶ 13.) Plaintiff also alleges that Denning was not paid the full value of the contract. (*Id.*) On May 12, 2015, Denning served its Notice of Default and Claim Under Contractor's Bond. (*Id.* ¶ 22.) Finally, Plaintiff alleges that the 90-day notice was timely. (*Id.* ¶ 23.) Construing the pleadings, as required, in a light most favorable to Plaintiff, it has pled sufficient facts that notice was served within 90 days of the last day of completed work. *Twombly* allows for all reasonable inferences to be drawn from the pleadings. 550 U.S. at 555-56. Plaintiff is not required to plead facts specific for each element of his claim. *Runnion*, 786

F.3d at 517. Rather, Plaintiff must provide the Defendant "with 'fair notice' of the claim and its basis." *Tamayo*, 526 F.3d at 1081. Defendant has been provided with both fair notice of the claim and Plaintiff's basis for its claim that Continental refused to pay on the bond despite being provided notice within 90 days; nothing further is necessary at this time. Defendant's Motion to Dismiss Count II is denied.

## CONCLUSION

For the reasons stated above, Defendant Opcon, Inc.'s Motion to Dismiss Count II of Plaintiff's Second Amended Complaint [15] is denied.

Date:    June 29, 2016

JOHN W. DARRAH
United States District Court Judge